IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

_____

DAVID P.,

          Plaintiff,

    v.                                    Civil Action No.
                                         3:20-CV-1401(DEP)

KILOLO KIJAKAZI, Acting
Commissioner of Social
Security,

          Defendant.

_____

APPEARANCES:                        OF COUNSEL:

FOR PLAINTIFF

LACHMAN, GORTON LAW FIRM      PETER A. GORTON, ESQ.
P.O. Box 89
1500 East Main Street
Endicott, NY 13761-0089

FOR DEFENDANT

SOCIAL SECURITY ADMIN.          LOUIS JOHN GEORGE, ESQ.
625 JFK Building
15 New Sudbury St
Boston, MA 02203

DAVID E. PEEBLES
U.S. MAGISTRATE JUDGE

# ORDER

Currently pending before the court in this action, in which plaintiff

seeks judicial review of an adverse administrative determination by the Commissioner of Social Security ("Commissioner"), pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), are cross-motions for judgment on the pleadings.[1] Oral argument was heard in connection with those motions on April 26, 2022, during a telephone conference conducted on the record. At the close of argument, I issued a bench decision in which, after applying the requisite deferential review standard, I found that the Commissioner's determination resulted from the application of proper legal principles and is supported by substantial evidence, providing further detail regarding my reasoning and addressing the specific issues raised by the plaintiff in this appeal.

After due deliberation, and based upon the court's oral bench decision, which has been transcribed, is attached to this order, and is incorporated herein by reference, it is hereby

ORDERED, as follows:

1) Defendant's motion for judgment on the pleadings is

---

[1] This matter, which is before me on consent of the parties pursuant to 28 U.S.C. § 636(c), has been treated in accordance with the procedures set forth in General Order No. 18. Under that General Order, once issue has been joined, an action such as this is considered procedurally as if cross-motions for judgment on the pleadings had been filed pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.

GRANTED.

2) The Commissioner's determination that the plaintiff was not disabled at the relevant times, and thus is not entitled to benefits under the Social Security Act, is AFFIRMED.

3) The clerk is respectfully directed to enter judgment, based upon this determination, DISMISSING plaintiff's complaint in its entirety.

David E. Peebles
U.S. Magistrate Judge

Dated:  May 4, 2022
        Syracuse, NY

```
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
---------------------------------------------------------x
DAVID P.,

                              Plaintiff,

vs.                                           3:20-CV-1401

KILOLO KIJAKAZI, Acting
Commissioner of Social Security,

                              Defendant.

---------------------------------------------------------x
```

### TRANSCRIPT OF DECISION
### BEFORE THE HONORABLE DAVID E. PEEBLES
April 26, 2022


APPEARANCES (by telephone)

For Plaintiff:

    LACHMAN, GORTON LAW FIRM
    1500 East Main Street
    Endicott, NY 13761
    BY:  PETER A. GORTON, ESQ.

For Defendant:

    SOCIAL SECURITY ADMINISTRATION
    15 New Sudbury Street
    Boston, MA 02203
    BY:  LOUIS JOHN GEORGE, ESQ.


*Eileen McDonough, RPR, CRR*
*Official United States Court Reporter*
*P.O. Box 7367*
*Syracuse, New York 13261*
*(315)234-8546*

THE COURT:  Let me begin by commending counsel and thanking you for excellent presentations, which have been helpful in clarifying my view of the case.

Plaintiff commenced this proceeding pursuant to 42, United States Code, Sections 405(g) and 1383(c)(3) to challenge an adverse determination by the Commissioner of Social Security finding that he was not disabled at the relevant times and therefore ineligible for the benefits sought.

Background is as follows.  Plaintiff was born in September of 1979.  He is currently 52 years of age.  He was 46 years old at the time of the alleged onset of disability on August 1, 2006.  Plaintiff stands 6-foot in height and weighs approximately 192 pounds.  Plaintiff lives in Binghamton with his girlfriend.  Plaintiff has an eighth grade education and while in school he was classified as emotionally disturbed and was in special education classes.  That appears at 213 of the record, among other places.

Plaintiff stopped working in August of 2006.  His prior work is limited to January to December of 2000 as a part-time hotel janitor, and January of 2006 to July of 2006 as a cleaning company janitor.

Mentally, plaintiff suffers from depression and depressive disorder, anxiety, a learning disability in

connection with written expression, and panic disorder.  He reports a hospitalization in 1999 for a panic attack, although there are no records of that hospitalization currently before the Court.

Plaintiff has also complained of back pain but does not raise that as an issue in this case.  Plaintiff has obtained treatment from UHS Primary Care since June of 2016 primarily with Family Nurse Practitioner Lauren Crane, and with The Family & Children's Society from March of 2017 with LMSW Krystal Baker, who he sees twice per month, and Psychiatric Nurse Practitioner Caroline Murphy.

In terms of activities of daily living, plaintiff is able to dress; groom himself; bathe; cook; clean; do laundry; he does not shop; he watches television; he listens to music.  He can take the bus and take cabs but only with his girlfriend accompanying him.  Plaintiff has a criminal history with incarceration for burglary, and he smokes one pack of cigarettes per day and occasionally consumes alcohol.

Procedurally, plaintiff applied for Title XVI benefits on March 21, 2017, alleging an onset date of August 1, 2006.  He claims disability based upon depression, bipolar disorder, and anxiety, at page 167.  On June 4, 2019 a hearing was conducted by Administrative Law Judge Stanley Chin.  A vocational expert also testified at that hearing, as did the claimant and his girlfriend.  On July 2, 2019, ALJ

Chin issued an unfavorable decision, which became a final determination of the Agency on June 21, 2020 when the Social Security Administration Appeals Council denied his application for review.  This action was commenced on November 12, 2020, and is timely.

In his decision, ALJ Chin applied the familiar five-step sequential test for determining disability.

He first noted that plaintiff had not engaged in substantial gainful activity since the date of application of March 21, 2017.

At step two, he concluded that plaintiff does suffer from severe impairments that impose more than minor limitations on his ability to perform basic work functions, including depression, anxiety, and a learning disorder (written expression).

At step three, the Administrative Law Judge concluded that plaintiff's conditions do not meet or medically equal any of the listed presumptively disabling impairments, including listings 12.04, 12.05, 12.06 and 12.11.

The Administrative Law Judge at step four concluded that -- before proceeding to step four, concluded the plaintiff is capable of performing a full range of work at all exertional levels with non-exertional limitations as follows:  The claimant is limited to short and simple routine

instructions and tasks performed in a work environment free of fast paced production requirements involving only simple work-related decisions and infrequent and gradual workplace changes; and the claimant would be limited to occasional interaction with the public and occasional interaction with co-workers and supervisors.

Applying the RFC, or the residual functional capacity, determination at step four, the ALJ concluded that plaintiff does not have significant past relevant work and proceeded to step five where, based upon the testimony of the vocational expert, he concluded that plaintiff is capable of performing available work in the national economy, citing as representative occupations laundry worker, housekeeping cleaner, and collator operator.  And therefore concluded that plaintiff was not disabled at the relevant times.

The Court's review in this case is limited to determining whether substantial evidence supports the resulting determination and correct legal principles were applied.  Substantial evidence has been defined as such relevant evidence as a reasonable mind would find sufficient to support a conclusion.  And the Second Circuit of course noted in *Brault versus Social Security Administration Commissioner*, 683 F.3d 443 from June 29, 2012, as well as many other cases, the deferential nature of the standard, noting that it is even more stringent than the clearly

erroneous standard that we are all familiar with. Under the substantial evidence standard, once a fact has been found by an Administrative Law Judge, the fact can be rejected only if a reasonable factfinder would have to conclude otherwise.

In this case plaintiff raises three basic contentions, some of which are interdependent. First, he contends it was error not to include a limitation regarding work pace and attendance in the RFC subsumed within that or related to it.

He challenges the evaluation of medical opinions and claims that the medical opinions are unanimous in finding that there would be interruptions in plaintiff's ability to perform within a regular schedule, and that the ALJ substituted his lay opinion for those uncontradicted opinions.

And then thirdly and depending on one and two, he argues that this step five determination is affected by the error in the residual functional capacity related to workplace attendance and a regular schedule.

The focus of the Administrative Law Judge, and summarized at page 67 of the Administrative Transcript, is on plaintiff's conservative and routine treatment consisting only of medications and psychotherapy with a note that there has been no psychiatric hospitalization over the last twenty years, the benign mental examination findings of both

plaintiff's primary care provider and psychotherapist, and the noted improvement realized or recognized with plaintiff's medications.

The first task of an Administrative Law Judge of course is to determine the residual functional capacity of the plaintiff representing the range of tasks he is capable of performing notwithstanding his impairments. Ordinarily it represents a maximum ability to perform sustained work activities in an ordinary setting on a regular and continuing basis, meaning eight hours a day, for five days a week, or an equivalent work schedule. An RFC is determined based upon consideration of all of the relevant and other medical evidence in the record.

In this case the focus of plaintiff's claims are on evaluation of the medical opinions in the record. And of course in the first instance I should note that under *Veino v. Barnhart*, 312 F.3d 578 (Second Circuit 2002), and other similar cases, in the first instance if there are conflicting medical opinions, it is for the Administrative Law Judge to resolve any such conflicts. Of course, as I indicated before, plaintiff's counsel contends that there are no conflicts and that the opinions are unanimous on the issue of absenteeism and off task. Because of the date -- there are three opinions, I should say, medical opinions in the record, which I will summarize in a moment. None are from acceptable

medical treating sources.  Because of the date of filing of plaintiff's application for benefits, this case is governed by the former regulations which, A, require a controlling opinion of acceptable medical treating sources if they are supported by substantial evidence and not contrary to other substantial evidence in the record.  Of course, that doesn't apply here.  It also requires that when assessing other opinions, certain factors, which we sometimes refer to as the *Burgess* factors, should be considered, and of course there should be a sufficient explanation of what weight, if any, is given to each medical opinion in order to allow for meaningful judicial review.

     In this case the first opinion -- or, the second opinion, but the first I'll address is from State Agency Consultant E. Kamin from May 31, 2017.  It appears at 46 and 56 of the record.  At page 52 in the worksheet portion, Dr. Kamin states that plaintiff is moderately limited in his ability to complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods.

     As the Commissioner points out, the term moderately limited doesn't equate to moderate limitation as we would anticipate it.  What it means under the POMS is that there are some limitation of some degree in this area.  The

residual functional capacity opined by Dr. Kamin set forth at page 54 indicates as follows:  "Evidence shows claimant is able to understand, remember and follow simple 1-2 step directions, maintain concentration and pace on simple 1-2 step tasks for two hour intervals for entire workday, maintain basic social interactions to deal appropriately with co-workers and supervisors and deal with simple stressors and changes.  Claimant able to perform basic demands of competitive, remunerative unskilled work on a sustained basis."

      I will note that Dr. Kamin had available to him Dr. Slowik's report, but did not have available to him any of the reports of medical treatment by The Family & Children's Society, including any reports from the psychotherapy sessions with the plaintiff's therapist.  The Administrative Law Judge states the opinion is given partial weight, at page 68.  He does not, however, give weight to the simple 1-2 step tasks for two hour intervals and gives it little weight as, "it is inconsistent with the claimant's treating mental status examination findings that frequently documented the claimant with intact orientation, normal judgment, normal attention span and concentration and no memory loss," and two, "The findings are not based on a complete review of the medical record," as I indicated.  The remainder of the findings are given great weight.

I find that the explanation allows for proper judicial review and the determination is supported by substantial evidence. And I note, moreover, that although the Administrative Law Judge rejected the limitations to simple 1-2 step tasks at two hours at a time, the latter limitation two hours at a time is not inconsistent with a normal workday since with normal work breaks and meal periods in an eight hour workday is split into approximately two hour periods. *Josielewski v. Berryhill*, 2018 WL 903471 from the Western District of New York, February 15, 2018.

So I find that the evaluation of Dr. Kamin's opinion is properly explained and is supported by substantial evidence. And I find further that that does support the determination that plaintiff is capable of performing work that would be implicit in the residual functional capacity finding, that is to say he would not be absent or off task to a degree that would preclude meaningful work.

Dr. Slowik's opinion is the second that was examined. It appears at pages 253 to 257 of the Administrative Transcript. That was rendered on May 26, 2017. It indicates that, "Claimant's ability to understand, remember, or apply simple directions and instructions is mildly to moderately limited. The claimant's ability to understand, remember, or apply complex directions and instructions, sustain concentration, and sustain an ordinary

routine is moderately to markedly limited.  The claimant's ability to use reason and judgment to make work-related decisions, interact adequately with supervisors, co-workers, and the public, and regulate emotions is moderately limited."  That is discussed at page 68 of the Administrative Transcript and given great weight.

　　　　The opinion could be read to support performance of simple, less demanding, slower paced work as found by Dr. Kamin.  And I note cases are legion that hold that moderate limitations in mental functioning do not necessarily preclude the ability to perform basic unskilled work.  *Young versus Kijakazi,* 2021 WL 40148733 from the Northern District of New York.  I am sorry, the Southern District of New York, September 13, 2021.  *Richard H. v. Saul*, 2020 WL 467734, from the Northern District of New York, January 29, 2020.  I find that the explanation given for applying great weight and relying on Dr. Slowik's opinion is supported by substantial evidence.

　　　　The third opinion in the record comes from Family Nurse Practitioner Lauren Crane from April 12, 2019.  It appears at pages 292 to 294 of the Administrative Transcript.  Nurse Practitioner Crane does find marked limitations in the areas of maintaining regular attendance without interruptions from psychologically based symptoms, and perform activities within a schedule, be punctual, perform at a consistent pace,

and an ability to respond appropriately to ordinary stressors in a work setting with simple tasks, and concluded that plaintiff would be off task more than 33 percent of the time and miss three or more days per month.  That opinion is discussed at pages 68 through 69.

In that discussion, the Administrative Law Judge Chin first notes that properly Nurse Practitioner Crane is not an acceptable medical source under the former regulations.  However, he did go on to consider the opinion and gave it little weight and the explanation is given.  There are three reasons cited.

One, the checklist style of the opinion includes only conclusions regarding functional limitations with sparse rationale.  I am somewhat familiar with the Second Circuit's decision in *Colgan*, and I read that decision to say that the mere fact that an opinion is given on a checklist form standing alone is an insufficient basis to reject an opinion.  However, I don't read that or any other decision by the Circuit as suggesting that it is not a proper consideration when it is not supported somewhere by substantial evidence, meaning an explanation by the author as to the basis for the opinions.

Secondly, the additional reasons cited is the severity of the functional limitations are not consistent with the claimant's relatively benign mental status

examination findings that frequently documented the claimant with an intact orientation, normal judgment, normal attention span and concentration, and no memory loss.  And I have to say that I carefully reviewed the available records of both the UHS Primary and The Family & Children's Society, including Exhibits 3F, 6F, 7F, 11F, and 12F, and I agree with the Administrative Law Judge's assessment in that regard.

And the third reason cited is the severity of the functional limitations are not consistent with the claimant's conservative and routine treatment history involving medication management and outpatient psychotherapy with noted improvement and no evidence of any significant exacerbation of symptoms.  Once again, I agree that the treatment records are reflective of what the Administrative Law Judge observed.  So I find that the determination related to the nurse practitioner's opinion is supported by substantial evidence.

In short, I conclude that the residual functional capacity in this case is supported by substantial evidence and the resulting step five determination, which is predicated on vocational expert testimony that is given in response to a hypothetical which mirrors the residual functional capacity finding is supported by substantial evidence.  So I will award judgment on the pleadings to the defendant and order dismissal of plaintiff's complaint.

Again, thank you both.

C E R T I F I C A T I O N

      I, EILEEN MCDONOUGH, RPR, CRR, Official Court Reporter in and for the United States District Court, Northern District of New York, DO HEREBY CERTIFY that I transcribed the foregoing proceedings from a digital recording, and that the foregoing is a true and correct transcript thereof.

*Eileen McDonough*
_____
EILEEN MCDONOUGH, RPR, CRR
Official U.S. Court Reporter